SUMMARY ORDER

Appellant LFD Operating, Inc. (“LFD”) appeals from a judgment of the United States District Court for the Southern District of New York (Jones, J.) affirming the denial of LFD’s abstention motion and dismissing by summary judgment the action against Appellee General Electric Capital Corporation (“GE Capital”). LFD Operating, Inc. v. General Electric Capital Corp. (In Re: Ames Dep’t Stores, Inc.), No. 06 Civ. 5394(BSJ)(THK) (S.D.N.Y. June 4, 2008). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented on appeal.
“Our review of a district court decision affirming a bankruptcy court order is plenary.” In re Petrie Retail, Inc., 304 F.3d 223, 228 (2d Cir.2002). Factual findings are accepted unless clearly erroneous and conclusions of law are reviewed de novo. Id.
[1] LFD first challenges the determination that its claim against GE Capital was a “core” proceeding.
“A determination of whether a matter is ‘core’ depends on the nature of the proceeding.” In re Best Prods. Co., Inc., 68 F.3d 26, 31 (2d Cir.1995). “We construe the concept of core proceedings broadly; the limits of the concept are interpreted to be close to or congruent with constitutional limits.” In re Millenium Seacarriers, Inc., 458 F.3d 92, 95 (2d Cir.2006) (internal quotations omitted). “Proceedings can be core by virtue of their nature if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings, or (2) the proceedings directly affect a core bankruptcy function.” Id. (internal quotations omitted).
It is clear that any proceedings concerning the LFD-GE Capital action would directly affect a core bankruptcy function. The proceeds at issue in the LFD-GE Capital action are the same proceeds as those at issue in the bankruptcy court action filed by LFD against the debtor; this Court has concluded that a dispute which “involve[s] an issue already before the bankruptcy court as part of its consideration of [one party’s] claim against the estate” affects a core bankruptcy function. See Petrie, 304 F.3d at 231. Additionally, the proceeds at issue here directly implicate obligations of the debtor and the amount of money available to creditors. As Judge Jones held, resolution of the *42 LFD-GE Capital action therefore “directly affects the core bankruptcy function of distributing and administering assets in the Ames bankruptcy estate.” We affirm the determination that the action was core.
[2] LFD argues that if the action is non-core, it is subject to mandatory abstention. We disagree. Non-core actions are subject to mandatory abstention if [i] the action has already been commenced in state court, and [ii] it “can be timely adjudicated” there. 28 U.S.C. § 1334(c)(2). The bankruptcy and district courts both concluded that the LFD-GE Capital action could not be timely adjudicated in state court because, among other circumstances, LFD’s claim against GE Capital depended upon a determination as to ownership of the property of the estate in the LFD-Ames action.
For the reasons stated above and those stated by the district court, we hereby AFFIRM the judgment of the district court.